## AMOS P. BROWN *vs.* BARBARA BROWN.

DECEMBER 8, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney and Murdock, JJ.

STEARNS, C. J. Amos P. Brown filed a petition for divorce from his wife, Barbara, February 6, 1930. The respondent thereafter filed a motion for a temporary allowance and for counsel and witness fees. February 15 she was granted an allowance of $18 a week. March 28 petitioner filed in the office of the clerk of the Superior Court a written notice of discontinuance of his petition and gave notice thereof to respondent. This notice was in order for disposition on March 29, the first motion day thereafter; it was not then acted upon but was continued to the next motion day, April 5. In the meantime on April 3 the respondent filed her motion in the nature of a cross-petition for divorce from bed and board from petitioner. April 5 the Superior Court entered the discontinuance of the petition as of March 28, the day of the filing of notice. Respondent took exception to this entry and is now in this court on a bill of exceptions.

The only exception is to the entry of the discontinuance. Section 27, Chapter 333, General Laws, 1923, provides that the plaintiff in any civil action or proceeding at law or in equity may at any time before the trial or hearing is begun file in the office of the clerk of the court a written notice of discontinuance of such action or proceeding and if an answer has been filed a copy of such notice shall be given immediately to the defendant or his attorney of record; that said court, on its next motion day, "shall enter such discontinuance, as of course, and as of the day of filing such discontinuance, unless it shall appear that the rights of some other party thereto, or interested therein, will be impaired by such discontinuance." The intent of the statute is to stop needless litigation. The discontinuance is to be entered as of course, that is, as a matter of right.

It is to take effect as of the time of filing the notice, not when the entry is ordered. The rights of an interested party which are not to be impaired by a discontinuance are, as a rule, such as exist at the time of filing. This rule however is not in all cases absolute and without exception. In divorce proceedings the State is interested to prevent any avoidable disruption of the marriage relation and of the family; the question of the custody of children, their education and maintenance is often an issue in such proceedings and, even if it is raised after the filing of notice of discontinuance, the court might properly in some circumstances refuse to enter a discontinuance. In the present cause no exceptional conditions exist. There are no children of the marriage and both parties are residents of Providence and subject to the jurisdiction of the Superior Court.

Until the separation of husband and wife is made absolute by the entry of a final decree of divorce a reconciliation is favored by the State. Thus in the recent case of *McLaughlin* v. *McLaughlin*, 44 R. I. 429, it was held to be erroneous to enter a final decree for divorce against the wish of a petitioner in whose favor a decision has been given.

The respondent contends that, as her motion in the nature of a cross-petition sets up facts not alleged in the original petition and prays for affirmative relief against the petitioner, the discontinuance of the original petition does not dispose of said motion, but it remains for disposition in the same manner as if it had been filed as an original petition. In support of her contention she cites *Wetmore* v. *Fiske*, 15 R. I. 354, in which there was a bill in equity and cross-bill, both with a prayer for injunction.

General Laws, 1923, Chapter 339, Section 1, provides that in petitions for divorce the procedure shall follow the course of equity so far as the same is applicable. The equitable procedure thus indicated however is flexible. It is intended to be followed not strictly but only in so far as it is adapted to the individual nature of divorce proceedings.

We are of the opinion that the discontinuance in this cause operated also as a discontinuance of the cross-petition. No right of the respondent is impaired. If the parties are not reconciled the respondent can proceed, if she wishes to do so, by original petition. The exception is overruled.

The papers in the cause are ordered to be sent back to the Superior Court.

*William M. P. Bowen*, for petitioner.

*Peter W. McKiernan, John C. Going, Ernest L. Shein, William J. Carlos*, for respondent.