FLORENCE DI MEGLIO *vs.* VINCENZO DI MEGLIO *et al.*

MAY 27, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This is a petition for certiorari to have us review and quash the decision of a justice of the superior court in denying the petitioner's motion to discontinue her divorce petition and in ordering, upon the motion of the respondent Vincenzo Di Meglio, the entry of a final decree of divorce over the objection of the petitioner. Pursuant to the writ the pertinent records in the case have been certified here by the respondent clerk of the superior court.

The record discloses the following facts. The petitioner brought her action for divorce against the respondent on the ground of extreme cruelty. Her motion for allowances *pendente lite* and for counsel fee was heard and granted by the superior court, and a decree thereon was entered December 13, 1945. This decree also included an order restraining, until further order of the court, the petitioner and respondent from withdrawing any of the moneys on deposit in a certain bank account standing jointly in the names of the parties.

Subsequently on November 13, 1946 a *consent* decree was entered by which the amount of money in that joint bank account was to be divided equally between them. Such decree was entered in order to lift the injunction and to permit the parties to deal with the account.

On the same day that this consent decree was entered a hearing on the merits of the divorce petition was held and a final decision was rendered granting the petitioner a divorce from the respondent on the ground of extreme cruelty. The respondent did not testify or actively contest the case at that hearing. In the decision the question of alimony was expressly left open, and thereafter no further payment was made by the respondent for allowances or alimony.

After a considerable period the respondent, on January 13, 1948, filed a motion to have the final decree entered on the decision and thereafter, on March 16, 1948, he filed another motion for a return of the money formerly in the joint bank account, which had been paid to the petitioner after the consent decree of November 13, 1946 was entered. On January 14, 1949 a hearing was held on these motions, at which time petitioner testified that she did not desire to have a final decree of divorce entered but wished to discontinue her petition. Accordingly, before decision was made upon the motions then on hearing, the petitioner's attorney orally moved that the divorce petition be discontinued forthwith. While no specific ruling was made on the merits of that motion it seems by inference to have been denied in effect, because the trial justice, after hearing all the evidence, granted the respondent's motion to have a final decree of divorce entered notwithstanding the petitioner's objection and her motion to discontinue the petition.

The petitioner now contends that it was error for the trial justice to go back of the consent decree, which merely authorized a division of the joint bank account between the parties, and to consider matters that happened prior

thereto and were not included expressly or by inference in that decree; that the agreement whereby this joint bank account was divided between the parties was not made in consideration of the entry of a final decree of divorce, as claimed by the respondent; that if there were such an agreement it would be void as against public policy; and that in any event the decision of the trial justice was contrary to the law laid down in *McLaughlin* v. *McLaughlin,* 44 R. I. 429, and *Pickles* v. *Pickles,* 70 R. I. 13, in that the successful petitioner was not given the election to have the final decree entered or to discontinue her petition within a reasonable time, but that the entry of the decree was ordered in spite of her objection and her motion to discontinue the petition.

Respondent on the other hand contends that it was proper for the superior court to go back of the decree and hear evidence of facts leading up to the alleged agreement and the entry of the consent decree; that such agreement was not void as being contrary to public policy, because it represented merely an agreement concerning a property settlement rather than a collusive agreement as to the divorce itself or the entry of a decree on that petition. He also contends that the agreement was found by the trial justice to be as respondent asserted, and that it was proper on the facts in evidence at that hearing to find that the petitioner did not act in good faith and thereby her case could and should be distinguished from the *McLaughlin* and *Pickles* cases, *supra.*

Assuming without deciding that the superior court could properly go back of the consent decree and pass upon the evidence as to the nature of an alleged agreement that was not included in the decree, and also that the agreement constituted a mere property settlement within a divorce action which was not contrary to public policy, we are of the opinion that the controlling question is whether that court had the right in effect to compel a successful party in a divorce action to enter a final decree notwithstanding

her objection and motion to discontinue her petition forthwith.

In the *McLaughlin* and *Pickles* cases, *supra,* substantially the same question in principle was argued before this court and we there held that the guilty party in a divorce action had no right himself to obtain the entry of a final decree of divorce over a timely objection by the successful party. We further held that the extent of his right in such a case was to compel the successful party to elect within a reasonable time to have a final decree of divorce entered or to discontinue the petition. If the principle of law stated and applied in those cases is followed here, the trial justice clearly exceeded his jurisdiction in ordering the entry of a final decree at the instance of the respondent over the objection of the successful petitioner and in spite of her motion, made in open court before the decision in question, to discontinue forthwith her petition for divorce.

But the respondent argues that this case may be distinguished from the *McLaughlin* and *Pickles* cases, *supra,* on the basis of the petitioner's lack of good faith and her conduct as shown by the transcript. He concedes that the law of those cases is sound where a petitioner has conducted herself properly and has acted timely and in good faith; but here he claims that the trial justice found, and the evidence shows, the petitioner was not acting in good faith but only to harass and annoy the respondent.

In our opinion unless this court were to retry each case on its merits or on the motives of a successful petitioner, the case is governed by the law in the *McLaughlin* and *Pickles* cases, *supra.* Whatever disadvantage may seem to accrue to the respondent by the application of such principles of law is attributable to his own inaction. The respondent, if he had good cause to defend against the divorce petition on the merits, could have made a real contest in the first instance or could have protected his interests by a suitable decree. Moreover, after the period

of six months from the decision he could have moved at any time to compel the successful petitioner either to cause a final decree to be entered or to discontinue her petition. He took none of these steps.

In our opinion the decision of the trial justice in refusing to grant the petitioner's motion to discontinue her petition forthwith, in granting the respondent's motion to have a final decree of divorce entered and in ordering the entry thereof, is erroneous in law and therefore such action and entries should be quashed.

The prayer for relief is granted, the pertinent decision and entries are quashed, and the papers in the case are ordered sent back to the superior court with our decision endorsed thereon.

*McKiernan, McElroy & Going, Peter W. McKiernan, John S. McKiernan,* for petitioner.

*Walter I. Sundlun,* for respondent.