MAX MENDELSOHN *vs.* DORIS M. MENDELSOHN.

APRIL 24, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This petition for divorce is before this court on the petitioner's exception to the superior court's ruling denying entry of his notice of discontinuance.

The following pertinent facts appear from the record. On December 19, 1956 petitioner filed a petition for absolute divorce from respondent, returnable to the superior court on the first Monday of June 1957. On May 8, 1957 an appearance was entered by present counsel for respondent. On July 7, 1958 respondent filed a motion to strike and a motion for a bill of particulars. The bill of particulars was filed on September 23, 1958. No action has been taken on the motion to strike.

On October 9, 1958 the parties filed a stipulation agreeing to the appointment of a medical expert for the purpose

of examining respondent pursuant to the provisions of G. L. 1956, §§9-17-19 to 9-17-22. On the same day the superior court entered an order appointing Dr. Frederic W. Ripley, Jr. and ordering respondent to submit to a reasonable examination by him. The petitioner agreed to pay for such examination. On October 17, 1958, Dr. Ripley submitted a report of the examination to the superior court.

It appears from the evidence that the late Walter J. Hennessey, who was then petitioner's counsel, was ill during the summer of 1958 and for some time prior to his death on December 7, 1959. There was no counsel of record for petitioner from the date of Mr. Hennessey's death until January 27, 1961 when present counsel for petitioner entered his appearance and, on the same day, filed a notice of discontinuance in accordance with the provisions of G. L. 1956, §9-8-1, which reads:

> "Voluntary discontinuance by plaintiff.—The plaintiff in any civil action, suit or proceeding at law or in equity, in which process has been returned to any court, may at any time before the trial or hearing thereof be begun, file in the office of the clerk of such court a written notice of discontinuance signed by himself or his attorney, and stating therein the action, suit or proceeding to be discontinued, and the time of filing such notice; and if the action, suit or proceeding shall have been answered, a copy of such notice shall be given immediately to the defendant or his attorney of record by the plaintiff; and thereupon said court, on its next motion day, or the next civil session of the district court, shall enter such discontinuance, as of course, and as of the day of filing such discontinuance, unless it shall appear that the rights of some other party thereto, or interested therein, will be impaired by such discontinuance; and no costs accruing after such discontinuance by the court shall be taxable for the defendant."

On January 30, 1961, three days after the filing of such notice, respondent filed a motion in the nature of a cross

petition for divorce, alleging willful desertion for a period of four years and seven months, and praying for alimony. Under G. L. 1956, §9-8-1, the question of the entry of the notice of discontinuance was in order for hearing on February 3, 1961. The matter was heard before a justice of the superior court on that day and on February 17, 1961. The respondent objected to the entry of the discontinuance on the ground that her rights would be impaired thereby.

The petitioner stipulated that Dr. Ripley's bill was not paid at the time the notice was filed. It is undisputed that it was paid some time after January 27, 1961, but prior to the final hearing in the superior court. It appears from the evidence that at some time not disclosed by the testimony petitioner moved to Florida. His counsel stipulated that at the time of the hearing he was a resident of Florida.

After the hearing the trial justice entered a decision containing the following pertinent findings of fact: The recurrent illness of Mr. Hennessey constituted an obstacle to resolution of the issues involved up to the time of his death on December 7, 1959; thereafter there was no counsel of record upon whom any motion by way of cross petition could be served; at some time unknown to respondent petitioner had moved to Florida, with no indication that respondent knew where he was; respondent was not in a position to file a cross petition and give proper notice thereof until the entry of appearance of present counsel for petitioner on January 27, 1961; delay in filing the motion in the nature of a cross petition was through no fault of respondent.

On the basis of such findings the trial justice concluded that respondent's right to prosecute her cross petition with personal jurisdiction over petitioner would be impaired; that absent such jurisdiction she would be unable to secure an allowance pendente lite or alimony if she prevailed on her cross petition; that if she could prosecute her cross petition she would avoid the difficulty of foreign service upon

petitioner with the possibility that he might not be located and consequently require service by publication with its accompanying delay; and, finally, that respondent's right to have Dr. Ripley's bill taken care of would also be impaired. Accordingly he denied entry of the discontinuance and thereupon entered a decree to that effect.

The petitioner concedes that if respondent's rights are impaired by the entry of the discontinuance, entry thereof must be denied. He also concedes that the question whether such rights have been impaired is one of fact, but he contends that the evidence does not support the findings on which the trial justice based his ultimate finding that respondent's rights would be impaired by the discontinuance. In our opinion there is no merit in such contention.

The only question is whether the evidence supports the ultimate finding that respondent's rights would be impaired by the discontinuance. The petitioner obviously disagrees with the trial justice on this issue. He argues that respondent could have made service of motions on Mr. Hennessey, notwithstanding the latter's illness; that she had ample opportunity to file such motions prior to the filing of the notice of discontinuance; and that in the circumstances no exceptional conditions existed which would justify the denial of entry of the discontinuance.

The petitioner's main contention is that since respondent's motion had not been filed prior to the filing of the notice of discontinuance, he was entitled to entry of the discontinuance as a matter of right. He relies strongly on certain language in *Brown* v. *Brown,* 51 R. I. 132, 134, where the court stated: "The rights of an interested party which are not to be impaired by a discontinuance are, as a rule, such as exist at the time of filing."

We are in complete agreement with that statement. Under the statute the discontinuance must be entered as a matter of right if the rights of another party to the action, or interested therein, are not impaired. But the statute

does not prescribe that only rights in existence on the date of the filing of the notice are to be considered. The court in the *Brown* case recognized this and stated that the rule mentioned above was "not in all cases absolute and without exception." The court clearly indicated that in some cases exceptional conditions could arise after the filing of the notice of discontinuance which might justify the court's refusal to enter a discontinuance.

As we have already indicated, the question whether such exceptional conditions exist in any case is a question of fact. In our opinion the evidence in this case supports the finding of the trial justice that such conditions existed and that the respondent's rights would be impaired by the discontinuance. There is nothing in the record indicating that in making such finding he overlooked or misconceived any material evidence. In the circumstances we cannot say that he was clearly wrong or that the decision fails to do justice between the parties. Since the determination of this issue is decisive of this appeal, it is unnecessary to consider the petitioner's other contentions.

The petitioner's exception is overruled, and the case is remitted to the family court for further proceedings.

*Higgins, Cavanagh & Cooney, John P. Cooney, III,* for petitioner.

*Edwards & Angell, Gerald W. Harrington,* for respondent.