GERTRUDE ISABEL LUTTGE *vs.* GEORGE ARTHUR LUTTGE.
SAME *vs.* SAME.

FEBRUARY 18, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

JOSLIN, J. These are appeals in two cases from decrees of the family court. The first case, Equity No. 3121, is a petition for divorce filed in the superior court on December 8, 1954 in which a decision but no final decree has been entered. In this case there are two appeals by the petitioner. The first is from a decree entered on May 31, 1963 denying the petitioner's motion to discontinue her petition for divorce, and the second from a decree entered on the same day on her motion to modify the ancillary provisions of the decision for divorce entered therein on May 2, 1955.

The second case, Equity No. 3122, is a petition for divorce filed in the family court on March 25, 1963 and dismissed on May 31, 1963. Although an appeal from the decree entered therein was perfected, the reasons of appeal were neither briefed nor argued and the appeal in that case is, therefore, denied and dismissed pro forma.

The record in the first case discloses the following facts. After a hearing on the merits of the 1954 petition a decision entitled "Interlocutory Decree" was entered on May 2, 1955 awarding petitioner a divorce, granting her custody of the five children of the parties all of whom were then minors, and incorporating by reference and approving two property settlement agreements entered into by the parties on March 18, 1955.

Those agreements provide generally for a division of certain of their real and personal property; for custody of their minor children to be awarded to petitioner, their support and maintenance to be paid by respondent until each child should reach 18 years of age; for respondent to support and maintain petitioner provided, however, that such obligation would terminate if she should not "within thirty (30) days of the date when a final decree or [sic] divorce

may first be entered in said divorce proceedings, have procured the entry of such final decree"; for respondent to pay the premiums on certain policies of insurance on his life and to make petitioner and the minor children primary beneficiaries respectively of one-third and two-thirds of the principal sums thereof, the beneficiary designation insofar as petitioner is concerned to terminate upon her remarriage or upon respondent reaching 55 years of age, and the designation insofar as each child is concerned to terminate upon his reaching 18 years of age.

The record indicates no further proceedings in the 1954 divorce action until 1963 when petitioner filed in the family court, which in the interval had succeeded to the divorce jurisdiction of the superior court, the motions to discontinue and to modify.

In the view we take of these proceedings the only question for our determination is whether in the circumstances here present petitioner may discontinue her petition for divorce over respondent's objection.

The parties treated the motion to discontinue as having been filed pursuant to G. L. 1956, §9-8-1. That section controls discontinuances by a plaintiff in a civil action at law or in equity, including divorce, but only "before the trial or hearing thereof be begun." It is clearly not applicable to these proceedings where a hearing on the merits has been concluded and a decision awarding a divorce entered.

In this state a final decree in divorce may not be entered until the passage of at least six months from the trial and decision. Among the obvious purposes for this extended delay are the interest of the state in the continuation and preservation, if at all possible, of the marital status, and the hope that prior to the entry of a final decree the differences which led to the divorce may be condoned and a reconciliation achieved. *Lanigan* v. *Lanigan*, 85 R. I. 100; *McLaugh-*

*lin* v. *McLaughlin*, 44 R. I. 429, 434; *Berger* v. *Berger*, 44 R. I. 295.

▊ Because of the disfavor with which the state looks upon divorce and its solicitude for the preservation of the family unit, even after the expiration of the waiting period, a final decree is not entered as a matter of course, but only "on the suggestion of the prevailing party * * *." G. L. 1956, §15-5-23. Moreover, the prevailing party cannot be compelled to enter a final decree and thereby take a divorce against his wishes. *Pickles* v. *Pickles*, 70 R. I. 13; *McLaughlin* v. *McLaughlin, supra.* Recognizing, however, the plight of the guilty party in a divorce proceeding when the prevailing party does not suggest the entry of a final decree this court in *McLaughlin* said that after the lapse of the six-month period the guilty party may move that the prevailing party be required "after a reasonable time, either to consent to the entry of a final decree or to withdraw the petition for divorce."

This option as to whether the marital status shall continue or be determined can be exercised by the prevailing party even if the guilty party does not force an election under *Pickles.* In *Di Meglio* v. *Di Meglio*, 75 R. I. 334, the respondent fourteen months after entry of decision moved to have a final decree entered. The motion was heard more than a year thereafter, and before decision thereon the petitioner moved to discontinue the divorce petition forthwith. We held that it was error for the trial court to have granted the guilty party's motion to enter a final decree and deny the prevailing party's motion to discontinue.

▊ The respondent contends, however, that petitioner "does not seek to terminate proceedings," but only "to gain a strategic advantage from which to press for more money and more favorable terms as to payments." Premised on this alleged lack of good faith, he argues that petitioner should be estopped from attempting a collateral attack on the property settlement agreements by use of the vehicle

of discontinuance. A similar contention was rejected in *Di Meglio*, where the allegation was that the movant was not acting "in good faith but only to harass and annoy the respondent." We held that this court would not retry each case "on the motives of a successful petitioner," and that any disadvantage accruing to a respondent by allowing a petitioner to discontinue after a considerable interval of time is "attributable to his own inaction" in not moving any time after six months from the decision to compel the successful spouse either to consent to entry of a final decree or to discontinue the petition for divorce. That petitioner may be motivated solely by a desire to obtain financial benefit rather than a reconciliation is not in and of itself a ground which will justify a denial of her motion to discontinue. *Sheffer* v. *Sheffer*, 316 Mass. 575.

The respondent further contends that he would be prejudiced because of his commitments, both past and future, under the property settlement agreements if petitioner were to be allowed to discontinue. He cites no cases in support of this contention but bottoms it apparently on that line of authorities which holds that a legal interest to the contrary on the part of a respondent in a divorce case or of the state will suffice to deny a complaining party the right to dismiss his suit prior to final decree. *Armstrong* v. *Armstrong*, 176 (N. Y.) Misc. 240; *Nicolai* v. *Nicolai*, 283 Mass. 241; *Walton* v. *Walton*, 86 Colo. 1; *Eisenbach* v. *Eisenbach*, 176 Mich. 354.

Financial sacrifices made by a guilty party in order to comply with the obligations imposed on him in the decision for divorce or in property settlement agreements incorporated and approved therein are not necessarily that kind of prejudice which is ordinarily construed as a contrary legal interest. *Vinyard* v. *Vinyard*, 43 Del. 422; *Nicolai* v. *Nicolai, supra*.

This is particularly so in the circumstances of this case where the evidence discloses that during at least a portion

of the interval between 1954 and the filing of the instant motion the parties lived under the same roof, although there is no evidence of a resumption of marital relationship; that there were attempts at reconciliation over "quite a long period of time"; and that respondent, notwithstanding that a final decree had not been entered within 30 days of the time when one could have been entered, paid not only the required sums under the property settlement agreements, but also additional sums either directly to petitioner or for her benefit.

Moreover, the provision in the property settlement agreements providing for a forfeiture of support for petitioner in the event of her failure to procure the entry of a final decree makes it apparent that respondent recognized that petitioner might not desire a dissolution of the marital status. He should not now be allowed to claim that his failure to negate that possibility in those agreements constitutes the kind of prejudice which should deprive her of the right to discontinue. *Vinyard* v. *Vinyard, supra.*

Having determined that the family court was in error in denying the motion to discontinue, we do not reach petitioner's appeal from the decree on the motion to modify since a discontinuance of the petition, absent special circumstances, strikes down all ancillary proceedings. *Ash* v. *Ash,* 50 R. I. 1, 6.

In the first case, Equity No. 3121, the petitioner's appeal from the decree on the motion to modify is denied and dismissed pro forma; her appeal from the decree on the motion to discontinue is sustained, and the decree appealed from is reversed.

In the second case, Equity No. 3122, the petitioner's appeal is denied and dismissed pro forma.

Each cause is remanded to the family court for further proceedings.

*Albert Lisker,* for petitioner.

*Charles H. Drummey,* for respondent.