GERTRUDE ISABEL LUTTGE *vs.* GEORGE ARTHUR LUTTGE.

MAY 21, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

CONDON, C. J.   This is a petition for divorce which was heard by the family court on the petitioner's motion to discontinue her petition.   The cause was brought here on her appeal from a decree of the family court denying the motion and we reversed the decree. *Luttge* v. *Luttge*, 97 R. I. 309, 197 A.2d 500.   While the case was pending here and before our decision was filed, the petitioner moved in the family court for an allowance of counsel fees to prosecute the above-mentioned appeal.   The trial judge denied the motion from the bench and the petitioner excepted to his decision.

There is no decree in the record presently before us and no jacket entry that a decree had been entered.   However, there is an entry that petitioner filed a claim of appeal on

September 24, 1963. That claim is in the record and states that she "is aggrieved by the entry of a Decree on the 3rd day of September, 1963," which denied her motion for counsel fees. She filed her reasons of appeal in the family court on January 10, 1964 and such reasons are also part of the record before us.

It is obvious from the foregoing summary that the hearing on this motion in the family court was somewhat irregular to say the least. But since no objection was made by respondent on the ground of irregularity of the proceedings below we are disposed to overlook such defect. We shall consider petitioner's appeal as though it were here in accordance with established procedure and had brought up the full record of what was done by the trial justice following the rendition of his decision from the bench.

The respondent moved in this court to dismiss the appeal on the ground that it is defective in form and substance. We denied the motion without prejudice to the right of respondent to renew it on the consideration of the appeal on the merits. This he has done and now makes the same contentions in support of such motion and in addition contends, as we understand him, that since by our decision in *Luttge* v. *Luttge, supra,* we ordered petitioner's petition for divorce discontinued all ancillary proceedings therein were struck down and that this would include petitioner's motion for counsel fees.

We are of the opinion that there is merit in this latter contention. For that reason and also because the statute does not authorize allowance of a counsel fee for prosecuting a motion for discontinuance of her petition, we think the trial justice did not err in denying petitioner's motion. As to the first reason, there is no question that petitioner's success here in obtaining a reversal of the trial justice's denial of her motion to discontinue her petition resulted in striking down all matters interlocutory therein or auxiliary thereto. *Ash* v. *Ash,* 50 R. I. 1. The motion for counsel

fees was indisputably such an auxiliary proceeding and therefore upon the granting of her motion to discontinue there was no longer any divorce proceeding pending.

As to the second reason, it is clear that G. L. 1956, §15-5-16, authorizes an allowance to the wife only "for the purpose of enabling her to prosecute or defend against" any petition for divorce or separate maintenance. In the instant proceeding petitioner is doing neither. On the contrary, by successfully prosecuting her appeal from the trial justice's denial of her motion to discontinue the divorce petition, she has deprived herself of the basic proceeding in which she could seek ancillary relief such as an award of counsel fees. *White* v. *White,* 70 R. I. 48.

The respondent's motion to dismiss the petitioner's appeal is granted, and the cause is remanded to the family court for final disposition in accordance with our opinion in *Luttge* v. *Luttge, supra.*

*Albert Lisker,* for petitioner.

*Charles H. Drummey,* for respondent.