**205 A.2d 360.**

Merwin V. Gallup *vs.* Edythe G. Gallup.

DECEMBER 17, 1964.

Present: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

ROBERTS, J. This is a petition for certiorari brought to review the entry of certain orders by the family court in a divorce proceeding, praying in particular that the record therein be quashed as it relates to the entry of an order awarding temporary support to the petitioning wife and a subsequent order adjudging the respondent husband to be in contempt by reason of his failure to comply with the prior order for support. The writ issued, and pursuant· thereto the record in the proceeding in the family court has been certified to this court.

The record discloses that Merwin V. Gallup, hereinafter referred to as petitioner, filed a petition for an absolute divorce from Edythe G. Gallup, hereinafter referred to as respondent. It further appears that respondent filed a cross petition for divorce in that proceeding. On November 26, 1963 a justice of the family court, after decision for cross petititoner, entered an interlocutory decree wherein the petition of the husband was withdrawn and discontinued and the cross petition of the wife was amended to one for an absolute divorce on the ground of extreme cruelty. Alimony was permanently waived, and a property settlement entered into by the parties on November 26, 1963 was approved and the parties directed to execute the settlement in all its provisions.

The record discloses that in February 1964 respondent moved for permission to discontinue her petition for divorce and that on May 8, 1964 this motion was granted and

a decree entered by a justice of the family court. It appears further that on May 8 petitioner filed a notice of intention to prosecute a bill of exceptions from the decree of discontinuance. It appears that just prior to the entry of this decree of discontinuance, to wit, on May 5, respondent moved for an allowance for support pending determination of the appeal of petitioner, alleging therein that the court had granted her motion to discontinue on May 1, 1964. This allegation contradicts the state of the record wherein it is disclosed that the decree of discontinuance was entered on May 8, which is controlling on the issues here. It is significant, in our opinion, that no motion for support was filed by respondent after her motion to discontinue was granted.

Thereafter, on July 2, the court, acting on the motion for support pending at the time of the discontinuance on May 8, entered a decree ordering petitioner to pay respondent $120 per week pending the final determination of his appeal from the decree of discontinuance. On the record before us then the family court ordered payment of support on a motion pending at the time it granted respondent's motion to discontinue. On July 8, 1964 petitioner claimed an appeal from the decree granting support entered on July 2, which appeal is now pending along with the bill of exceptions to the decree of May 8 granting the motion to discontinue.

On September 17, 1964 respondent's motion to adjudge petitioner in contempt for failure to comply with the order for support of July 2 was heard, and he was adjudged in contempt. A decree to that effect was entered on September 24. From this decree petitioner claimed an appeal on September 25, and on that same day another motion to adjudge petitioner in contempt was filed by respondent. On September 28, while this latter motion was pending hearing, the case was certified to this court pursuant to the writ

of certiorari. In summary then, the record brought here discloses that petitioner has pending a bill of exceptions to the decree of discontinuance entered on May 8, an appeal from the decree ordering support entered on July 2, and an appeal from the decree adjudging him in contempt entered on September 24.

It appears from the record in the case that the family court entered a decree discontinuing respondent's petition on May 8, which decree, it may be conceded, is a final decision within the purview of G. L. 1956, §9-24-17. The statute provides that a bill of exceptions may be prosecuted when the excepting party files notice of intention to prosecute a bill of exceptions in the office of the clerk of the court and makes provision for ordering the transcript and depositing the necessary fees with respect thereto in the case. The statute provides specifically that "The filing of such notice and making of such deposit shall stay judgment until further order of the court." We are constrained to conclude then that petitioner complied with the provisions of the statute under consideration and that his bill of exceptions on May 8 stayed entry of judgment on the decision granting her motion to discontinue the petition for divorce.

The stay of judgment provided for in the statute, in our opinion, has the effect of suspending the order of discontinuance and of leaving the cause before the family court pending a determination on petitioner's bill of exceptions. It is important to note that respondent's motion for support, which the family court purported to grant by the decree of July 2, was pending in that court prior to the date upon which respondent's motion to discontinue her petition was granted by the entry of the decree of May 8. Clearly, if the court properly granted the motion to discontinue, its action struck down the motion for support that was then pending. It is to be noted, perhaps parenthetically, that the action of the family court to enforce its ad-

judication of petitioner in contempt has validity only if the court had jurisdiction to so adjudicate, which, of course, depends on whether the order of discontinuance was properly entered on May 8. If the family court properly entered the decree allowing the motion to discontinue respondent's petition, that decree would have the effect of striking down all matters interlocutory therein or auxiliary thereto. *Luttge* v. *Luttge,* 98 R. I. 211, 200 A.2d 599.

In this situation we may not disregard the pendency of petitioner's bill of exceptions from the entry of the decree of discontinuance. We are aware that were we to overrule his exception and to sustain the decree of the family court and thus give effect to the discontinuance of the cause, the motion of May 5 for support pendente lite would thereby be extinguished. In such circumstances the family court would have been without jurisdiction on July 2 to enforce its decree ordering support payments, whether by contempt procedures or otherwise. We are persuaded by these circumstances that further action on the part of the family court to enforce the support order could work serious inconvenience, if not substantial injury, to petitioner. We will not permit the possible working of such action adverse to petitioner when a hearing determining the validity of the order of discontinuance now pending in this court could disclose that the family court was without jurisdiction to enforce its orders in this cause.

We would direct attention also to the fact that nowhere in the record does it appear that any motion for protection of the parties pending appeal was addressed by respondent to the family court after it entered the decree of discontinuance and petitioner had filed notice of intention to prosecute a bill of exceptions therefrom. This makes it clear that the jurisdiction of the family court to make such orders for the protection of the parties pending appeal under §9-24-5 was not expressly invoked by respondent after petition-

er's prosecution of a bill of exceptions suspended the order of discontinuance, nor does the court appear to have acted sua sponte thereunder. Whether in these circumstances the family court could consider respondent's motion for support made on May 5 as effective to invoke its authority to make needful orders for the protection of the parties under §9-24-5 is a matter upon which we will not pass while a bill of exceptions, the resolution of which could be dispositive of the entire matter, remains pending hearing and determination.

Because such a bill of exceptions is in fact pending in this court, we are persuaded that the interests of justice will best be served if the decree of the family court adjudicating petitioner in contempt, entered by that court on September 24, 1964, be quashed and that that court make an appropriate order for the protection of respondent pending the appeal pursuant to the provisions of §9-24-5.

It is then our opinion that the family court, acting under the provisions of §9-24-5, should enter an order forthwith directing the petitioner to pay to the respondent the sum of $120 weekly for her support pending the prosecution of his bill of exceptions taken to the decree of discontinuance, compliance therewith to begin not later than Wednesday, December 23, 1964. We are of the further opinion that enforcement of the order for support and counsel fees made by the family court on July 2, 1964, either by way of an adjudication of the petitioner in contempt for noncompliance therewith or by any other order of that court, should be stayed during prosecution of the bill of exceptions. However, this stay of enforcement of the decree of July 2 is conditioned upon the prompt and faithful compliance by the petitioner with the order herein directed to be entered by the family court providing payments of $120 weekly for the respondent's support and is subject to be vacated by the family court immediately upon any failure of the peti-

tioner to make the payments thus to be ordered by that court on or before 6 p.m. on each successive Wednesday.

The petition for certiorari is granted, the record as it relates to the decree of September 24, 1964 adjudicating the petitioner in contempt is quashed, any action by the family court to enforce the decree of July 2, 1964 ordering payment of support to the respondent is stayed on condition that the petitioner, pursuant to such order of the family court, pay the respondent the sum of $120 weekly for her support beginning on Wednesday, December 23, 1964, and weekly thereafter during the pendency of a bill of exceptions taken to the decree of discontinuance, and the record in this cause is remanded to the family court expressly for the purpose of permitting the entry of an order providing support for the respondent in accordance with this opinion, said record to be returned to this court not later than January 4, 1965.

*Hendel, Strauss & Surdut, Conrad K. Strauss, Raymond J. Surdut,* for petitioner.

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for respondent.