247 A.2d 83.

AMALIA TODISCO *vs.* VITTORIO TODISCO.

OCTOBER 31, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This is a petition for a divorce from bed, board

and future cohabitation. After the trial had commenced and during the pendency of the testimony the trial justice, over objection, granted the petitioner-wife's oral motion to discontinue. The respondent appealed.

The question is whether after the commencement, but before the conclusion, of a trial of a matrimonial dispute the moving party has either an absolute or a conditional right to discontinue. Inasmuch as the practice elsewhere is generally governed by statute, the precedents found in other jurisdictions are of little assistance.

In this state G. L. 1956, §9-8-1, as amended by P. L. 1965, chap. 55, sec. 18, controls in the granting of a request for a discontinuance made prior to the commencement of trial. It provides that leave to discontinue shall be allowed as of course at any time before the trial has begun, unless to do so will impair the rights either of the opposing party or of some other interested person.

That the court may also permit discontinuance after decision, but before final decree, is also clear. *DiMeglio* v. *DiMeglio*, 75 R. I. 334, 66 A.2d 430; *Luttge* v. *Luttge,* 97 R. I. 309, 197 A.2d 500. The source of the authority to permit such post-decision discontinuance is in judicial pronouncement, rather than in a legislative enactment, and undoubtedly a principal root of the decisions so holding lies in the solicitude which the state has for the preservation of the family unit and in the disfavor with which it looks upon divorce. *Luttge* v. *Luttge, supra; McLaughlin* v. *McLaughlin,* 44 R. I. 429, 117 A. 649.

In this case the motion to discontinue was made during the course of the trial, rather than before it had commenced or after it had concluded. Motions made at that stage of judicial proceedings were, prior to 1966, controlled by §9-8-2. That provision, however, was repealed as of January 10, 1966 (P. L. 1965, chap. 55, sec. 20) as an incident of the legislation enacted in implementation of the adoption of

new rules of civil procedures in the district and superior courts. The legislature provided no substitute for proceedings in the family court.

We decide the immediate question, therefore, without benefit either of an express statute, or of any direct decisional precedent. Our judgment is that a request for leave to discontinue made after the commencement, but before the conclusion, of a matrimonial dispute is addressed to the court's discretion which should be exercised in favor of the movant save upon a showing that exceptional circumstances or conditions will impair either the rights of an opposing party, or of some other interested person, as for example, a child of the parties.

We are largely influenced in reaching this conclusion by the legislative mandate of §9-14-1 that divorce proceedings shall so far as applicable follow the course of equity. *Borda* v. *Borda,* 43 R. I. 384, 113 A. 118; *Brown* v. *Brown,* 51 R. I. 132, 152 A. 423. That directive is significant because under early equity practice a complainant, in the absence of circumstances showing that the respondent was subject to some plain, legal prejudice, was generally permitted as of right to dismiss his bill at any time before final decree upon payment of costs. *Pullman's Palace Car Co.* v. *Central Transportation Co.,* 171 U. S. 138; *Watt* v. *Crawford,* 11 Paige's Ch. (N. Y. 470); *Camden Sewer Co.* v. *Salisbury,* 157 Md. 175, 145 A. 497; 1 Daniel's *Chancery Practice* (6th Am.ed. 1894), p. 790.

Other influencing considerations are a respect for the social policy which favors the preservation of the family unit so long as it can be accomplished without overriding disadvantageous consequences, as well as the desirability of insuring, to the extent feasible, that the principles controlling discontinuance during trial be compatible and consisttent with those obtaining either before its commencement or after decision.

We are not unmindful that to permit a discontinuance without prejudice subsequent to the actual commencement of trial may mean that a respondent may suffer the annoyance of being forced to defend at some future time against a subsequent suit based upon the identical facts which formed the basis for the earlier proceeding. This may well be. In equity practice, however, the mere possibility that a respondent may be annoyed by second litigation directed to the achievement of the same end is not enough to justify denying a complainant leave to discontinue. *Jones* v. *Security Exchange Comm'n*, 298 U. S. 1; *Pullman's Palace Car Co.* v. *Central Transportation Co., supra; Shea* v. *Town of Lexington*, 290 Mass. 361, 195 N. E. 494. In our judgment, moreover, it is not in keeping with the social policy upon which we rely to presume that a petitioner's motion to discontinue in a divorce proceeding is premised otherwise than upon a desire to achieve a reconciliation. Nothing we here say, however, should be deemed as foreclosing a respondent from showing either that the movant's purpose is harassment or that the circumstances are such that his or some other party's rights will be impaired, or manifestly legally prejudiced. If that burden is met, then, of course, the court in the exercise of its sound discretion should either deny the motion and retain the cause for a decision on its merits or grant leave to discontinue with prejudice.

The record in this case fails to disclose any exceptional circumstances or conditions indicating that respondent's interests or those of any other interested party would be impaired or manifestly legally prejudiced and we are, therefore, unable to say that the trial justice abused his discretion in granting the petitioner leave to discontinue.

The respondent's appeal is denied and dismissed, the or-

der appealed from is affirmed, and the cause is remanded to the family court for further proceedings.

*A. Anthony Susi,* for petitioner-appellee.

*Kirshenbaum & Kirshenbaum, Alfred Factor, Isidore Kirshenbaum,* for respondent-appellant.