334 A.2d 413.

PAUL SKITZKI *vs*. FRANCES M. SKITZKI.

MARCH 26, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin and Kelleher, JJ.

PAOLINO, J. On August 7, 1968, the petitioner, Paul Skitzki, filed a petition for absolute divorce against the respondent, Frances M. Skitzki. On August 29, 1968, the respondent filed a motion in the nature of a cross-petition and also a motion for temporary support, for exclusive use of their home, for counsel fees, and for other relief. On November 14, 1968, a consent order was entered in the Family Court.

Under the consent order respondent was awarded temporary exclusive use of the marital domicile; she was ordered to return to petitioner certain personal belongings, and she was enjoined from molesting him. The petitioner was

enjoined from molesting respondent; he was ordered to pay for the benefit of respondent monthly mortgage installments, real estate taxes, insurance, and all charges for water and for fuel oil for the marital domicile; he was also ordered to pay all monthly installments on certain outstanding loans and taxes and insurance for a certain motor vehicle used by respondent; further, he was ordered to pay to respondent the sum of $200 per month for her maintenance and support and to continue hospitalization coverage on her.

On June 1, 1972, almost 4 years after the commencement of the divorce proceedings, trial on the merits began before a justice of the Family Court. The matter was continued from time to time. It appears from the record that these continuances were caused, in part, by respondent's inability to hold on to counsel — the record indicates that she changed counsel several times during these proceedings. On June 6, 1973, respondent appeared without counsel and informed the trial justice that she was not yet represented by counsel and was not prepared to go forward. The trial justice granted her another continuance until July 2, 1973, with the admonition that he would require the trial to go forward on that day, whether or not respondent was represented by counsel.

On June 26, 1973, petitioner filed a motion seeking permission to withdraw his petition for absolute divorce without prejudice. In the same motion he requested permission to file a new petition for absolute divorce alleging new grounds which had arisen since the filing of his original petition. He based his motion on the ground that an inordinate period of time had passed since the commencement of the trial because of respondent's inability to obtain and maintain the services of the several attorneys who had represented her in this cause. As a further ground he alleged that two potential witnesses had deceased since

the filing of his petition and a third witness had moved from Rhode Island.

On July 2, 1973, petitioner's motion to discontinue was heard before the same trial justice who heard the original petition for divorce. At this hearing respondent was represented by her present counsel, Leonard A. Kamaras, Esquire. The respondent objected to petitioner's motion and her counsel argued strenuously against it. Notwithstanding respondent's objections, the trial justice rendered a decision granting petitioner's motion and dismissing his petition for absolute divorce, as well as respondent's cross-petition, both without prejudice. He cited our opinion, *Todisco* v. *Todisco*, 104 R. I. 531, 247 A.2d 83 (1968), in support of his decision.

A reading of the trial justice's decision shows that he was aware of the pendency of respondent's motion in the nature of a cross-petition, as well as the existence of the temporary support order of November 14, 1968. Nevertheless, he said he felt petitioner "* * * was justified in filing his motion * * * for leave to discontinue his petition and by inference for the Court to dismiss the motion in the nature of a cross-petition without prejudice * * *." He found that part of the difficulty in starting the trial was respondent's "* * * apparent inability to get along with counsel or counsel's inability to get along with her." He held that there would be no substantial damage done to respondent since she could apply immediately for a new order based on another petition. Finally, the trial justice said that on the record before him

"* * * it would appear that it would be to the Respondent's advantage if a discontinuance were granted without prejudice since her new counsel would then be able to approach the case from a completely fresh point of view, would not be faced with the necessity of obtaining a transcript of the portion of the case that has already been heard, would not be bound by

another attorney's work or progress or lack of progress in the case."

After the trial justice rendered his decision, petitioner's counsel prepared a written order in accord with the decision for entry in the Family Court. The respondent's counsel objected to the entry of this order and on July 27, 1973, filed a motion to reinstate respondent's motion in the nature of a cross-petition. The trial justice withheld entry of the order and allowed the parties time to submit memoranda of law with respect to the correctness, or lack thereof, of the trial justice's decision dismissing both actions without prejudice.

On October 15, 1973, after hearing oral arguments, the trial justice denied respondent's motion to vacate and entered an order granting petitioner's motion for permission to withdraw his petition for absolute divorce without prejudice. The order also contains a provision discontinuing without prejudice the petition for absolute divorce and respondent's motion in the nature of a cross-petition. Though dated October 15, 1973, the order expressly states that it is effective as of July 2, 1973. As we understood the parties at oral argument, it is undisputed that petitioner continued to make the support payments ordered in the November 14, 1968 consent order until July 2, 1973.

On October 30, 1973, respondent filed an appeal to this court.[1] In support of her argument urging that the trial justice erred in ruling as he did, respondent relies on the provisions of G. L. 1956 (1969 Reenactment) §9-8-1, and

---

[1] Reference appears in petitioner's brief to his filing of a new petition for absolute divorce on August 23, 1973, and to respondent's motion in the nature of a cross-petition in the same action, which is "Case No. 73-304." The petitioner also refers to a petition for separation filed by respondent on March 6, 1974, being "Case No. 74-81." These cases are pending in the Family Court. Though we note their existence, those actions have no relevance in this proceeding.

our opinion in *Mendelsohn* v. *Mendelsohn,* 94 R. I. 291, 180 A.2d 449 (1962). Such reliance is misplaced. Section 9-8-1 controls in the granting of a request for a discontinuance made prior to the commencement of trial. It provides that leave to discontinue shall be allowed as of course at any time before the trial has begun, unless to do so will impair the rights either of the opposing party or of some other interested party. *Todisco* v. *Todisco, supra. Mendelsohn* involved a notice of discontinuance filed by petitioner prior to trial in accordance with the provisions of §9-8-1.

As indicated in our discussion of the travel of the case at bar, after the trial had commenced in the Family Court and during its pendency there, but before its completion, the trial justice, over objection, granted petitioner's motion to discontinue and sua sponte discontinued respondent-wife's motion in the nature of a cross-petition.

The factual situation in the instant case is closely akin to that in *Todisco* v. *Todisco, supra.* In that case, after the trial had commenced and during the course of the trial, but before it had concluded, the trial justice, over objection, granted the petitioner-wife's motion to discontinue. We pointed out in *Todisco* v. *Todisco, supra* at 532-33, 247 A.2d at 85, that there was no longer any statutory authority in this state empowering the trial court to grant a motion to discontinue made during the course of the trial. We then spoke as follows:

> "We decide the immediate question, therefore, without benefit either of an express statute, or of any direct decisional precedent. Our judgment is that a request for leave to discontinue made after the commencement, but before the conclusion, of a matrimonial dispute is addressed to the court's discretion which should be exercised in favor of the movant save upon a showing that exceptional circumstances or conditions will impair either the rights of an op-

posing party, or of some other interested person, as for example, a child of the parties." *Id.* at 533, 247 A.2d at 85.

In our judgment what we said in *Todisco* is applicable here, and thus the narrow question raised by respondent's appeal is whether the trial justice abused his discretion on the basis of the record before him. In other words, does the record disclose any exceptional circumstances or conditions indicating that respondent's interests or those of any other interested party would be impaired or manifestly legally prejudiced by the trial justice's ruling? *Todisco* v. *Todisco, supra.* If the answer to this question is in the affirmative, it follows that there has been an abuse of discretion. On the other hand, if the record compels a negative answer, we would have to conclude that there has been no abuse of discretion.

The record in this case clearly discloses exceptional circumstances and conditions establishing that the respondent's interests would be impaired and legally prejudiced by the trial justice's ruling. We refer, of course, to the respondent's loss of the $200 per month for her maintenance and support and all the other benefits awarded to her in the consent order entered on November 14, 1968. In our judgment the record does not support the trial justice's finding that the respondent would not be prejudiced by the discontinuances. Nor does the fact, alluded to by the trial justice, that the respondent could have obtained such an order of support by filing a new petition, alleviate the prejudice sustained by her as a result of the trial justice's ruling. In the circumstances we hold that the trial justice acted arbitrarily and abused his discretion in ordering the discontinuance.

The respondent's appeal is sustained, the order appealed from is reversed, and the cause is remanded to the Family Court for further proceedings.

Mr. Justice Doris did not participate.

*Moore, Virgadamo, Boyle & Lynch, Ltd., Salvatore L. Virgadamo, Robert M. Silva,* for petitioner.

*Leonard A. Kamaras,* for respondent.