PALMIRA NICOLAI *vs.* ROMANO NICOLAI.

Middlesex.   April 5, 1933. — June 3, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Marriage and Divorce,* Objections to decree absolute of divorce, Discontinuance of libel. *Probate Court,* Divorce proceedings, Decree nisi, Discontinuance, Divorce Rule 4 of the Probate Court.

After hearing upon an uncontested libel by a wife, a decree *nisi* of divorce was entered on the ground of cruel and abusive treatment, an antenuptial agreement between the parties was declared to be null and void, the libellee was directed to pay the libellant $3,000 "in lieu of all alimony past, present and future," $400 forthwith, $10 per week for six months "and the balance of said $3,000 with accumulations when said decree becomes absolute." Within six months the libellant filed, under Divorce Rule 4 of the Probate Court, objections to the decree becoming absolute, stating in substance that the decree *nisi* was granted through a misunderstanding between her and her counsel, and that her intention at the time of the filing of the libel and always was to obtain a decree for separate support. Upon a hearing, the judge of probate found that the libellant knew the proceedings were for divorce, and questioned her good faith in filing the objections; "that the libellee has made considerable sacrifice to meet the obligations of the decree as entered in said divorce libel"; that "inasmuch as the libellee gave up an antenuptial agreement and made a considerable sacrifice in raising $3,000, the reasons set forth in her objections would not warrant . . . [him] in sustaining her objections"; that the libellee had complied with the decree in all respects; and "that under the circumstances here disclosed, it would not be equitable to sustain the objections to decree absolute . . . [and] therefore [he] overrule[d] the objections." Pending the hearing, the libellant filed a paper in which she purported to "dismiss" her libel, and, after the entry of the judge's order overruling her objections, appealed therefrom. *Held,* that

(1) Under Divorce Rule 4 of the Probate Court, a prevailing libellant may object to the entry of a decree absolute;

(2) A libellee under present statutes of this Commonwealth can not insist, as he formerly could, that the libellant shall have a final decree entered after the entry of a decree *nisi;*

(3) The fact, that the libellee had "made considerable sacrifice to meet the obligations of the decree" *nisi,* did not entitle him in the circumstances to compel the libellant to take a decree absolute;

(4) The decree *nisi* required nothing more than the payment of $400 and $10 per week until after the expiration of six months from the date of its entry, when, if no further action were taken, it would

become absolute; such sums could not be regarded on their face as excessive payments *pendente lite;*

(5) In the circumstances, the judge should have ordered a decree permitting the libellant to discontinue and dismissing her libel;

(6) The order or decree, "Objections overruled after hearing," must be reversed.

LIBEL for divorce, filed in the Probate Court for the county of Middlesex on July 16, 1931.

The libel was uncontested and, after hearing by *Campbell,* J., the decree *nisi* described in the opinion was entered on November 5, 1931.

On April 25, 1932, the libellant filed objections to the decree's becoming absolute. The objections were heard by *Campbell,* J. On May 16, 1932, the libellant filed the document entitled "Dismissal of Libel" described in the opinion. On May 18, 1932, the judge by indorsement thereon overruled the objection and by indorsement made rulings upon certain requests of the libellant for rulings. On June 6, 1932, the libellant appealed from "decrees of the Probate Court held at Cambridge, in said county of Middlesex, on May 18, 1932, whereby said court overruled her objections to the decree *nisi* on said libel becoming absolute and by its refusal to give her requests for rulings of law numbers 1, 3, 5, 6, and 7 and by its refusal to allow her dismissal of said libel filed on May 16, 1932."

*V. Orlandini,* for the libellant.

No argument nor brief for the libellee.

PIERCE, J. This is an appeal from a decree of the Probate Court for the county of Middlesex, whereby said court overruled the objections of the libellant to the decree *nisi* becoming absolute in the libel for divorce brought by her against Romano Nicolai, to its refusal to give certain requests for rulings of law, and to its refusal to allow the libellant to have her libel dismissed.

The material facts are as follows: On July 16, 1931, Palmira Nicolai brought a libel for divorce against her husband, Romano Nicolai, alleging cruel and abusive treatment on specific days and at divers other times. The libel alleged "that there has been born to them no children who

are living." The libel "prays that a divorce from the bond of matrimony between your libellant and the said libellee be decreed; that an allowance be decreed to your libellant for her support," and that the real estate be attached "to secure a suitable support and maintenance to your libellant." The libellee filed an answer alleging cruel and abusive treatment toward him which "was continuous from the time of their marriage to the thirteenth day of July, 1931, inclusive." The libel was heard as an uncontested libel except on the question of alimony. On November 5, 1931, after hearing the libellant and her witnesses, the trial judge granted a divorce on the grounds of cruel and abusive treatment, and ordered the decree which follows to be entered: "It is decreed, *nisi*, that a divorce from the bond of matrimony between the said libellant and the libellee be granted the said libellant for the cause of cruel and abusive treatment on the part of the said libellee and that, upon and after the expiration of six months from the entry of this decree it shall become and be absolute, unless upon the application of any person interested, within such period, the court shall otherwise order, and it is further decreed in accordance with an agreement of the parties in open court that the antenuptial agreement between the said libellant and libellee dated February 9, 1928, and recorded in Middlesex South District Registry of Deeds, Book 5215, Page 422, be and the same hereby is declared to be null and void and in consideration thereof that the said libellee pay to said libellant the sum of $3,000 in lieu of all alimony past, present and future, the sum of $400 to be paid forthwith; the sum of $10 on Saturday the seventh day of November, A. D. 1931, and the further sum of $10 on each and every Saturday thereafter for a period of six months and the balance of said $3,000 with accumulations when said decree becomes absolute." It appears in evidence and in the report of the trial judge that the libellee has made "a considerable sacrifice in raising $3,000" to meet the obligations of the decree.

On April 25, 1932, the libellant filed objections under Divorce Rule 4 of the Probate Court with six affidavits.

Rule 4 reads: "At any time before the expiration of six months from the granting of a decree of divorce *nisi*, the libellee, or any other party interested, may file in the office of the register a statement of objections to an absolute decree, which shall set forth specifically the facts on which it is founded, and be verified by affidavit." It is plain that the words "any other party interested" include a prevailing libellant and the trial judge so ruled. These affidavits warranted a finding that the decree *nisi* was granted through a misunderstanding between the libellant and her counsel, and that her intention at the time of the filing of the libel and always was to obtain a decree for separate support. The libellee was permitted to file an answer to the "objections" of the libellant, to the effect that he had no personal knowledge of the alleged objections nor of any allegations recited therein; that he had complied with the order of the court, had released all his right, title and interest in and to the real estate of the libellant which had been duly recorded; that he had further paid as directed by the court the sum of $3,000 to the libellant; that the decree that the libellant obtained was made in open court under the personal supervision, direction and instructions of the presiding judge; that the libellant voluntarily had executed a general release under seal discharging him and his estate from all debts, claims and demands whatsoever; and further set up as a bar to the right of the libellant to proceed in the matter of the hearing of her objections "by reason of a certain instrument dated the ninth day of November, 1931, executed by the libellant 'that I the said Palmira Nicolai formerly known as Palmira Botta will not at any time hereafter, or any person or persons in my behalf or with my authority, consent or procurement will institute any action or civil proceedings or process whatsoever against the said Romano Nicolai his personal representatives, either for alimony in the future as well as any cause arising from or growing out of any antenuptial agreement dated the ninth day of February 1928, and duly recorded with Middlesex So. District Deeds, book 5215, page 422, or from any cause heretofore existing or hereafter existing as my congugal [*sic*] right or otherwise.'"

The attorney for the libellant who had acted for her during all the proceedings for divorce up to the time of her filing "objections" under Rule 4, filed an affidavit of great length wherein he specifically denied the allegation of the libellant that at the time the proceedings were instituted by the filing in court of the libel she intended to obtain a decree of separation and did not seek an absolute divorce.

The trial judge, after hearing the objections, found as a fact that the libellant knew that the proceedings before him were upon a libel for divorce and not upon a petition for separate support, that her counsel acted in good faith, and "his client was informed of everything that was being done for her and that she was satisfied at the time"; but, the judge stated, "it is my opinion that since the decree *nisi* was entered she has been listening to other people and is now dissatisfied because she feels that she has not received a sufficient amount of money as alimony. I question her good faith in bringing these objections." He ruled "that after a complete hearing she has had her day in court and that the libellee has made considerable sacrifice to meet the obligations of the decree as entered in said divorce libel"; that "inasmuch as the libellee gave up an antenuptial agreement and made a considerable sacrifice in raising $3,000 that the reasons set forth in her objections would not warrant . . . [him] in sustaining her objections." He further stated "that the libellee has complied with the decree *nisi* in all respects and that under the circumstances here disclosed, it would not be equitable to sustain the objections to decree absolute, . . . [and] therefore [he] overrule[d] the objections." On May 18, 1932, the trial judge refused formally to stay the entry of an absolute decree, by filing in the Probate Court an interlocutory decree which reads "Objections overruled after hearing." On May 16, 1932, the libellant filed in the Probate Court a paper entitled, "Libellant's Dismissal of Libel," which reads: "Now comes the libellant in the above entitled cause and dismisses her libel."

The order overruling the libellant's objections based upon the ruling that "under the circumstances here disclosed, it

would not be equitable to sustain the objections to decree absolute" squarely presents the question whether a libellee who does not contest the libel can compel the libellant to take a decree absolute which his misconduct has put the libellant in a position to take, if under a decree *nisi* he "has made considerable sacrifice to meet the obligations of the decree." A decree *nisi* does not dissolve the marriage. *Chase* v. *Webster,* 168 Mass. 228, 230. It becomes absolute after the expiration of six months from the entry thereof, unless the court within such period, for sufficient cause upon application of any party interested, otherwise orders. G. L. (Ter. Ed.) c. 208, § 21. In an action under the common law a plaintiff could discontinue or become nonsuit as of right at any time before verdict, if not at any time before judgment. In this Commonwealth a plaintiff cannot discontinue or become nonsuit as of right after the trial has begun, but may discontinue or become nonsuit at any time before the trial has begun by permission of the court. See G. L. (Ter. Ed.) c. 231, § 140; *Marsch* v. *Southern New England Railroad,* 235 Mass. 304, 305; *Derick* v. *Taylor,* 171 Mass. 444, 445. It is the general rule in equity that a plaintiff may as of right have his bill dismissed at any time before a hearing upon payment of costs. *Keown* v. *Keown,* 231 Mass. 404, 407. In equity a plaintiff cannot discontinue after a decree or other proceeding whereby the defendant's situation has been materially changed so that he has acquired rights which did not exist or which had not been determined when the suit was brought and which render it equitable that those rights should be fully secured by further proceedings in the case. *Worcester* v. *Lakeside Manuf. Co.* 174 Mass. 299, 301. This is a substantial right and applied to a libel for divorce it is desirable that the libellant before the trial is begun has the right to have the libel dismissed without prejudice. *Roach* v. *Roach,* 190 Mass. 253. These rules are not precisely applicable to divorce proceedings where the interests of the public and general welfare of society must be considered. Although libels for divorce under our earlier statutes have been treated as proceedings at law, the procedure conforms "to the course of proceedings in ecclesiastical

courts or in courts of equity." G. L. (Ter. Ed.) c. 208, § 33. *Drew* v. *Drew*, 250 Mass. 41, 43. Our statutes, G. L. (Ter. Ed.) c. 208, § 16, provide for the representation of the public interest in a libel for divorce through the appointment by a judge of an attorney to investigate and "report to the court in relation thereto," and by the further provision that the judge may direct such attorney or any other attorney to defend the libel. Section 17 authorizes the court to "require the husband to pay into court for the use of the wife during the pendency of the libel an amount to enable her to maintain or defend the libel, and to pay to the wife alimony during the pendency of the libel." The libellee under the statutes of this Commonwealth can not insist as he formerly could that the libellant should have a final decree entered after a decree *nisi, Sparhawk* v. *Sparhawk*, 114 Mass. 355, and cannot delay making his defence until the decree *nisi* is entered and then present it. *Gabriel* v. *Gabriel*, 86 N. J. Eq. 6. It is commonly said in the decisions throughout this country and in England that the State strongly desires a continuation of the marriage relation, is unfavorable to divorce and favors condonation. *Galusha* v. *Galusha*, 116 N. Y. 635, 643, *McLaughlin* v. *McLaughlin*, 44 R. I. 429. It is the general rule in this country and in England that the complaining party may have his libel dismissed before interlocutory or final decree, in the absence of any legal interest on the part of the libellee or of the Commonwealth to the contrary. It is plain that the Commonwealth can have no interest to interfere with the right of a libellant to have her libel dismissed after the entry of an interlocutory decree *nisi* and before the entry of an absolute decree based upon the mere fact that the libellee had "made considerable sacrifice" to meet the obligations of the interlocutory decree, and it is equally plain upon the record that the amount to be paid the libellant and the time of payment were ordered by the judge after a full investigation and determination of what was fair and equitable in pursuance and upon the authority of G. L. (Ter. Ed.) c. 208, § 17. *McLaughlin* v. *McLaughlin*, 44 R. I. 429. *Brown* v. *Brown*, 51 R. I. 132. *Coon* v. *Coon,* 163 Mich. 644, citing *Adams* v. *Adams*, 57 N. Y. Misc. 150.

*Willoughby* v. *Willoughby*, 71 Colo. 356.  *Bishop* v. *Bishop*, 82 N. Y. Misc. 676.  *Ousey* v. *Ousey*, 1 P. D. 56.  *Halfen.* v. *Boddington*, 6 P. D. 13.  *Lewis* v. *Lewis*, [1892] P. D. 212. The decree *nisi* is interpreted as requiring nothing more than the payment of $400 and $10 per week until after the expiration of six months from the decree *nisi*, when, if no further action were taken, it would become absolute under G. L. (Ter. Ed.) c. 208, § 21.  Those sums cannot be regarded on their face as excessive payments *pendente lite*.

We think upon consideration of all the facts shown by the report and record the trial judge should have ordered a decree permitting the libellant to discontinue and dismissing her libel.  It follows that the order or decree "Objections overruled after hearing" must be reversed.

*Decree accordingly.*