ADELE SHEFFER *vs.* HENRY M. SHEFFER.

Suffolk.   November 3, 1943. — June 27, 1944.

Present: FIELD, C.J., LUMMUS, QUA, & RONAN, JJ.

*Marriage and Divorce,* Discontinuance of libel.   *Motive.*

The right of a wife under G. L. (Ter. Ed.) c. 208, § 21, as amended by St. 1934, c. 181, § 1, to have her libel for divorce dismissed before a decree nisi entered thereon had become absolute was not affected by the fact that her sole motive in seeking its dismissal was to secure an arrangement for her support different from that which was provided in the decree nisi in accordance with a previous agreement between the parties; that motive did not show bad faith on her part.

LIBEL for divorce, filed in the Probate Court for the county of Suffolk on January 24, 1942.

After the entry of a decree nisi, a petition by the libellant to have the libel dismissed was heard by *Dillon,* J.

*R. J. Hartford,* for the petitioner-libellant.

*S. Leventall, (A. Leventall* with him,) for the respondent-libellee.

RONAN, J. The petitioner on March 30, 1942, was granted a decree nisi of divorce for desertion, the right to resume her maiden name, and alimony in accordance with a written agreement executed January 10, 1942, in which

her husband agreed to pay her $87.50 a month until a total of $4,500 was paid, the difference between the amount paid monthly and $4,500 to be paid when she obtained a decree absolute. She filed this petition on September 18, 1942, to vacate the decree nisi and to have the libel dismissed upon the grounds, as alleged, that she was incorrectly advised that it was necessary to prosecute a libel for divorce in order to secure a continuance of support from her husband, that she was ill at the time she executed the separate support agreement, and that she desired to effect a reconciliation with her husband. The judge found that the petition was not brought in good faith but was brought solely in order to secure a new agreement from her husband in reference to her support. The petitioner appealed from a decree denying the petition.

The petitioner contends that she was entitled as a matter of right to have the libel dismissed and the proceedings discontinued and that, while the judge might have imposed terms in granting the petition, he was without power to deny it.

The petitioner was the wife of the libellee when she filed the petition as the entry of the decree nisi did not change her marital status. *Diggs* v. *Diggs*, 291 Mass. 399. *Vaughan* v. *Vaughan*, 294 Mass. 164. Her right to have the libel dismissed or to discontinue the proceedings after a decree nisi is not strictly governed by the principles prevailing in actions at law, *Alpert* v. *Mercury Publishing Co.* 272 Mass. 39; *Curley* v. *Boston Herald–Traveler Corp.* 314 Mass. 31, or in suits in equity, *Bolton* v. *Van Heusen,* 249 Mass. 503; *Gulesian* v. *Newton Trust Co.* 302 Mass. 369, for society itself has an interest in addition to that of the two parties of record, who in some cases are adversary parties merely as a matter of form and are both bent on securing a dissolution of the marital tie in order to satisfy their own personal desires and convenience. Marriage, however, is more than a contract, *Coe* v. *Hill,* 201 Mass. 15; *Murray* v. *Murray,* 255 Mass. 19, and society in furtherance of the public welfare is solicitous in encouraging and fostering the maintenance of the marital status and in preserving and

protecting the existence and integrity of the family. *Nicolai* v. *Nicolai*, 283 Mass. 241. *French* v. *McAnarney*, 290 Mass. 544.

A party who has been granted a decree nisi ordinarily has the right to have the libel dismissed or the proceedings discontinued, at least where there is no cross libel or where the libellee has not gained some material advantage since the libel was filed which it would be inequitable to destroy by dismissing the libel. *Nicolai* v. *Nicolai*, 283 Mass. 241, 247. *Walton* v. *Walton*, 86 Colo. 1, 10. *Chamberlain* v. *Chamberlain*, 108 Colo. 538. *Stover* v. *Stover*, 7 Idaho, 185. *Coon* v. *Coon*, 163 Mich. 644. *Pickles* v. *Pickles*, 70 R. I. 13. *Forsby* v. *Forsby*, 155 Wash. 33. Compare *Winans* v. *Winans*, 124 N. Y. 140; *Adams* v. *Adams*, 57 Misc. (N. Y.) 150.

The right of the petitioner to a dismissal or a discontinuance is affected by G. L. (Ter. Ed.) c. 208, § 21, as amended by St. 1934, c. 181, § 1, which reads as follows: "Decrees of divorce shall in the first instance be decrees nisi, and shall become absolute after the expiration of six months from the entry thereof, unless the court within said period, for sufficient cause, upon application of any party interested, otherwise orders. After the entry of a decree nisi, the libel shall not be dismissed or discontinued on motion of either party except upon such terms, if any, as the court may order after notice to the other party and a hearing, unless there has been filed with the court a memorandum signed by both parties wherein they agree to such disposition of the libel." The amendment added the last sentence just quoted.

Under this statute, the court, upon the filing of objections to the decree nisi becoming absolute, could after a hearing vacate or revoke the decree nisi for any cause sufficient in law. *Sanderson* v. *Sanderson*, 271 Mass. 386. *Eldridge* v. *Eldridge*, 278 Mass. 309. The libellant in whose favor a decree nisi has been entered need not now, although he may, *Nicolai* v. *Nicolai*, 283 Mass. 241, file objections to the entry of a decree absolute, for he may proceed in accordance with the amendment and file a motion or peti-

tion for a dismissal of the libel or a discontinuance of the proceedings, and the right that he had to relief in either form was not affected by the amendment except that the exercise of the right was subjected to the power of the court to impose such terms, if any, as it deemed just and reasonable. The right itself was not impaired but its exercise was regulated to the extent that the court might impose terms. The power to impose costs would not authorize the court to deny the petition for a dismissal or discontinuance or to impose terms of such a character as virtually to destroy the right. Under a statute, G. L. (Ter. Ed.) c. 185, § 44, permitting a petitioner to withdraw a petition for the registration of title to land at any time prior to the entry of a final decree "upon terms fixed by the court," it was held that he had an absolute right to withdraw the petition upon complying with the terms imposed by the court and that, while taxable costs and expenses incurred by the respondent might be included in the terms, the court could not prescribe terms that would bar the petitioner from the exercise of his right to withdraw. *McQuesten* v. *Commonwealth*, 198 Mass. 172. To the same effect see *Mitchell* v. *Bazille*, 216 Minn. 368; *Krutz* v. *Dodge*, 66 Wash. 178.

The fact that a libellee has made considerable sacrifice to meet the financial obligation placed upon him by a decree nisi is not sufficient basis to overrule the libellant's objections to the entry of a decree absolute. *Nicolai* v. *Nicolai*, 283 Mass. 241. In the year following the decision in the *Nicolai* case the statute was amended by St. 1934, c. 181, § 1. It may be that one of the purposes of the amendment was to enable the court to require the payment of something in the way of restitution where property has been transferred, or money paid, to the spouse upon the entry of a decree nisi and upon the expectation that a decree absolute would be entered in the usual course. That this was one of the purposes of the amendment is further indicated by the provision in reference to the filing of a written memorandum signed by both parties agreeing that the libel may be dismissed or discontinued. See *Rollins* v. *Gould*, 244 Mass. 270.

The libellee was already bound prior to the decree nisi to make monthly payments to the libellant, and the alimony awarded in that decree was for payments in accordance with the written agreement which the parties had executed on January 10, 1942. We assume that in making the provision for alimony the court found that the payments provided for in the agreement were fair and reasonable. The result is that the libellee has paid her only what he agreed to pay and that the payments made by him did not exceed the amount that he would have paid if no decree had been entered. Consequently, no ground is furnished by the making of these payments that would justify the imposition of any terms requiring the libellant to reimburse the libellee.

The judge found that the petition was not brought "in good faith but [was brought] solely for the purpose" of securing a new arrangement with the libellee in reference to her support. We construe this as a finding that the petition was not brought in good faith because it was brought for a certain purpose. She had a right to have the libel dismissed or discontinued for the purpose mentioned, and the fact that the petition was brought for that purpose did not warrant the finding that it was not brought in good faith. A person entitled to a divorce but not wanting one ought not to be compelled to accept one. An innocent spouse in whose favor a decree nisi has been entered cannot be compelled to accept a decree by any action of a libellee who has been found guilty of a marital wrong. *Sparhawk* v. *Sparhawk*, 114 Mass. 355. If the libellant thought she was entitled to more for her support than the amount provided in the decree nisi, she was not obliged to permit the decree to become absolute but could obtain a dismissal or discontinuance which on the facts found would not prejudice any legal interest of the libellee or the Commonwealth. *Nicolai* v. *Nicolai*, 283 Mass. 241, 247. *Merten* v. *Merten*, 279 Mich. 33.

Upon the facts found her sole motive was to secure additional support. That motive does not establish bad faith. A decree dismissing the libel was required upon the find-

ings made by the judge, although the case might have been an appropriate one for the imposition of terms by way of taxable costs and for the payment of expenses incurred by the libellee in the defence of the libel. See *Thompson* v. *Dickinson,* 159 Mass. 210, 215; *McQuesten* v. *Commonwealth,* 198 Mass. 172; *Wallace* v. *Wallace,* 273 Mass. 62.

*Decree reversed.*