ARTHUR W. D. CONWAY *vs.* ELISE M. OTIS & others. January 30, 1975.
This is an appeal from a decree of a Probate Court in which title to
land claimed by the plaintiff by right of adverse possession was determined to be in the defendant. The evidence is not reported; no report
of material facts was requested and no voluntary findings of fact were
made by the judge. The only question presented upon the record before us is whether the final decree fell within the scope of the pleadings. The defendant, in her answer by way of counterclaim, asserted
her ownership in the land and prayed that a decree be entered establishing her title thereto. The entry of the decree imported a finding by
the judge of every fact required to support it. *Home Ins. Co.* v. *Marino,*
359 Mass. 748 (1971). *Herbits* v. *High-Speed Process Printing Corp.*
1 Mass. App. Ct. 879 (1974), and cases cited.

*Decree affirmed.*

*Thomas N. George* for the plaintiff.

*Richard C. Anderson* for the defendant Elise M. Otis.

MARGARET ASACK & others *vs.* LOUIS ASACK & others. January 30,
1975. After an extensive hearing a judge of a Probate Court entered a
decree allowing the will of Adele Asack, late of Brockton. 1. A review
of the evidence discloses that the judge's findings (implicit in the entry of the decree) on the issues of due execution, testamentary capacity, and undue influence were not plainly wrong. *Montgomery* v. *von
Metzler,* 2 Mass. App. Ct. 885 (1974). 2. There was sufficient evidence
that Dr. Masurkie was an attending physician so that his opinions as
to the testatrix's mental capacity at times shortly before and after the
execution of the will were properly admitted. *Hastings* v. *Rider,* 99
Mass. 622, 625 (1868). The number of times that Dr. Masurkie had
seen the testatrix and the length of time during which she had been
his patient went to the weight rather than to the competency of his
testimony. *Id.* at 627.

*Decree affirmed.*

*Earl Auerbach* for the respondents.

*Ralph G. Silverstein* for the petitioners.