Roger H. Hinds *vs.* Kathleen T. Hinds.

Norfolk.    December 12, 1975. — February 5, 1976.

Present: Rose, Keville, & Armstrong, JJ.

*Probate Court,* Appeal.    *Divorce,* Discontinuance of libel.    *Contempt.*

A probate judge did not abuse his discretion in denying a libellant's motion to vacate a decree nisi and to dismiss his libel. [65-66]

In a divorce case, where a stipulation incorporated in the decree nisi required the husband to convey certain realty to the wife but did not require that he convey it within a specified time during the nisi period, it was error for the judge, during the nisi period, to find the husband in civil contempt for failure to convey the realty. [66-67]

LIBEL for divorce filed in the Probate Court for the county of Norfolk on August 22, 1973.

After the entry of a decree nisi, a motion by the libellant to have the libel dismissed was heard by *Murphy, J.*

CONTEMPT PETITION filed in the Probate Court for the county of Norfolk on April 30, 1974.

The case was heard by *Murphy, J.*

The case was submitted on briefs.

*John E. Coyne* for the libellant.

*William I. Sloane* for the libellee.

KEVILLE, J.   A decree nisi was entered on January 30, 1974, in favor of a husband upon his libel for divorce (no cross libel was filed). Before the decree became absolute, the wife brought a contempt petition alleging, inter alia, the husband's failure to convey to her "the present home" in violation of a stipulation of the parties incorporated in the decree nisi. The husband countered with a motion to vacate the decree nisi and to dismiss his libel. G. L. c. 208, § 21, as amended through St. 1934, c. 181, § 1.[1] After a hearing held on June 17, 1974, within the nisi period, a probate judge denied the husband's motion and filed a "memorandum of adjudication" which indicated that the hearing on the contempt petition consisted of representations of counsel and in which he found the husband in contempt for failure to make the conveyance and committed him to a county jail for thirty days.[2] The record gives no clue to the basis for the denial of the motion to dismiss.

---

[1] "Decrees of divorce shall in the first instance be decrees nisi, and shall become absolute after the expiration of six months from the entry thereof, unless the court within said period, for sufficient cause, upon application of any party interested, otherwise orders. After the entry of a decree nisi, the libel shall not be dismissed or discontinued on motion of either party except upon such terms, if any, as the court may order after notice to the other party and a hearing, unless there has been filed with the court a memorandum signed by both parties wherein they agree to such disposition of the libel."

[2] The judge declined to stay the commitment; but a single justice of the Supreme Judicial Court stayed the remaining portion of the commitment pending resolution of the husband's appeal to this court.

The husband appeals from the judge's denial of his motion and from the order adjudicating him in contempt. The evidence before the judge is not reported. There is no report of material facts and the judge made no voluntary findings of fact. See G. L. c. 215, § 11. The only questions before us, therefore, are whether the action taken by the judge on the husband's motion and his order on the contempt petition fall within the scope of the pleadings. In the circumstances, his decisions import findings by him of every fact necessary to support their entry. *Home Ins. Co.* v. *Marino,* 359 Mass. 748 (1971). *Albano* v. *North Adams Hoosac Sav. Bank,* 361 Mass. 892 (1972). *Conway* v. *Otis,* 3 Mass. App. Ct. 702 (1975). *Brine* v. *Brine,* 3 Mass. App. Ct. 730 (1975).

We respond, however, to the libellant's contention that the judge was without authority to deny the libellant's motion to dismiss the libel. Although language describing the concept has developed a quaint ring in this day of proliferating divorce, the law continues to support the traditional attitude that "society in furtherance of the public welfare is solicitous in encouraging and fostering the maintenance of the marital status and in preserving and protecting the existence and integrity of the family" (*Sheffer* v. *Sheffer,* 316 Mass. 575, 576-577 [1944]; *Nicolai* v. *Nicolai,* 283 Mass. 241, 247 [1933]), so that "a person entitled to a divorce but not wanting one ought not to be compelled to accept one." *Sheffer* v. *Sheffer, supra,* at 579.

Under the broad application accorded this general rule in both the *Nicolai* and *Sheffer* cases, in construing G. L. c. 208, § 21, circumstances warranting the denial of a libellant's motion to dismiss a libel are not readily envisioned.[3] Nonetheless, we are unable to conclude that § 21 confers

[3] In the *Sheffer* and *Nicolai* cases, *supra,* it was found in effect that the libellant's motivation in seeking dismissal of her libel was based upon second thoughts concerning the adequacy of alimony awarded to her under the decree nisi, and it was ruled that such a motive would not bar the dismissal of the libel. We perceive no difference in kind between that motivation and the presumed motive of the libellant in the instant case to avoid conveying real estate to the libellee as ordered in the decree.

upon the libellant an absolute right to the dismissal of his libel. That right must be considered in light of the equities of the situation with a view to protecting the interests of the libellee and of the Commonwealth. *Sheffer* v. *Sheffer, supra,* at 579.[4] See generally, anno. 16 A.L.R. 3d 283, 324-335 (1967). Where, as here, there was no cross libel and where it would seem to be apparent that the libellant's reason for bringing his motion to dismiss the libel was simply to avoid conveying the real estate to the libellee, the general rule would seem to apply that he would be entitled to the dismissal before the decree became absolute, subject only to the power of the court to impose such terms, if any, as it deemed just and reasonable. G. L. c. 208, § 21. *Sheffer* v. *Sheffer, supra,* at 577-580. The 1934 amendment to § 21 (n.1), enacted in the year following the decision in *Nicolai* v. *Nicolai, supra,* added the second sentence which enabled the court to subject the dismissal to terms deemed equitable to the libellee. *Sheffer* v. *Sheffer, supra,* at 578. Nonetheless, there may be circumstances not revealed or reviewable upon this truncated record which might have warranted the judge's denial of the motion to dismiss. Since we cannot say as matter of law that the judge erred in the denial of the motion to dismiss and, as already stated herein, the entry of the judge's order imported findings by him of every fact necessary to support it, that order must be affirmed.

Turning to the adjudication for contempt, it is apparent from the wording of the decree nisi that a finding of contempt was unwarranted. Neither the stipulation of the parties nor the decree required the husband to convey the property to the wife within a specified time during the nisi period. We do not conclude, in the absence of such a directive, that his failure to have made the conveyance by June 17, 1974, may fairly be said to be contemptuous.

---

[4] "A party who has been granted a decree nisi ordinarily has the right to have the libel dismissed or the proceedings discontinued, at least where there is no cross libel or where the libellee has not gained some material advantage since the libel was filed which it would be inequitable to destroy by dismissing the libel."

The parties may not have intended a conveyance prior to the decree becoming absolute. A commitment for civil contempt in order to be valid must be for the purpose of enforcing compliance with an outstanding order. *Nickerson* v. *Dowd*, 342 Mass. 462, 470 (1961). There must be "a clear and unequivocal command and an equally clear and undoubted disobedience." *Id.* at 464. *Terminal R.R. Assn.* v. *United States*, 266 U. S. 17, 29 (1924). *United States Time Corp.* v. *G.E.M. of Boston, Inc.* 345 Mass. 279, 282 (1963). *Pendoley* v. *Ferreira*, 345 Mass. 309, 314 (1963).

The order denying the motion to dismiss the decree nisi is affirmed and the order adjudging the husband in contempt is reversed.

*So ordered.*