BEVERLY RENTZ BENTLEY MAILER vs. NORMAN K. MAILER.

Barnstable. February 4, 1982. — September 8, 1982.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & O'CONNOR, JJ.

*Divorce and Separation*, Discontinuance of libel, Appeal. *Massachusetts Rules of Appellate Procedure*, Assembly of record, Dismissal of appeal.

A plaintiff's dissatisfaction with the financial aspects of a judgment nisi and a desire to institute another divorce action in a different forum are not "sufficient cause" under G. L. c. 208, § 21, to dismiss a complaint for divorce. [403-405]

An appeal from a divorce judgment should not have been dismissed on the ground that the plaintiff had failed to file a transcript as required by Mass. R. A. P. 9 (c) (2), where the judge had obtained a copy of the complete trial transcript at the time she granted the defendant's motion to dismiss the appeal and where the plaintiff's appellate counsel had been informed by the register's office that a trial transcript had been filed. [405-408]

COMPLAINT for divorce filed in the Probate Court for the county of Barnstable on October 22, 1976.

A motion to dismiss the complaint for divorce and a motion to dismiss an appeal from the judgment of divorce nisi were heard by *Lewis, J.*

The Supreme Judicial Court granted a request for direct appellate review.

*Gerald L. Nissenbaum* for the plaintiff.

*Monroe L. Inker (Stephen C. Maloney & Michael H. Riley* with him) for the defendant.

BY THE COURT. At issue is whether a plaintiff's dissatisfaction with the financial aspects of a judgment nisi is "sufficient cause" to grant a plaintiff's motion to dismiss a complaint for divorce. See G. L. c. 208, § 21. Also at issue is the correctness of the Probate Court judge's dismissal of the plaintiff's appeal for failure to file a transcript, as required by Mass. R. A. P. 9 (c) (2), as appearing in 378 Mass. 924 (1979).

Displeasure with the alimony and property settlement award is not "sufficient cause" for dismissal. We therefore hold that the judge properly denied the plaintiff's motion to dismiss her complaint. However, since the judge had a copy of the transcript in her possession, we conclude that the judge should not have dismissed the appeal. Therefore, we reinstate the appeal and remand this case to the Probate Court for assembly of a record.

We summarize the facts. The plaintiff was granted a judgment of divorce nisi on March 21, 1980. On September 19, 1980, the plaintiff moved to dismiss her complaint. See G. L. c. 208, § 21. The judge found that the plaintiff wanted a divorce but was dissatisfied with the alimony award and property settlement. The judge also determined that the plaintiff was considering bringing a divorce action in New York in hopes of receiving a larger settlement. The judge concluded that these reasons did not justify dismissal of the complaint. See G. L. c. 208, § 21.

On April 18, 1980, the plaintiff had filed a timely notice of appeal from the judgment nisi. Since the plaintiff had not filed a transcript of the proceedings with the register of the Probate Court, the defendant moved to dismiss the appeal on September 4, 1980. See Mass. R. A. P. 9 (c) (2). That day, the judge held a hearing on the defendant's motion. At the time of this hearing, the judge had a copy of the complete trial transcript. Pursuant to G. L. c. 215, § 18, she had obtained the transcript at public expense for use in preparing her findings of fact and conclusions of law.[1] Nev-

---

[1] It is not clear from the record why the judge ordered a complete transcript of the trial. The trial transcript ordered by the judge cost the public over $1,400. However, the trial took place on several trial dates spread over the course of many months. The protracted nature of the trial may explain the judge's action.

We point out that, whenever possible, a judge should avoid interrupted trial schedules. Further, since the public is bearing the cost of the transcript, a judge should limit any request for a transcript to those portions actually needed. Cf. Mass. R. A. P. 8 (b), as amended, 378 Mass. 944 (1979). O'Coin's, Inc. v. Treasurer of the County of Worcester, 362 Mass. 507, 516-517 (1972).

ertheless, the judge allowed the defendant's motion to dismiss the appeal. See Mass. R. A. P. 10 (c), as appearing in 378 Mass. 924 (1979).

The plaintiff moved for reconsideration of the dismissal of her appeal. On February 5, 1981, the judge held a hearing on this motion. The motion contained affidavits indicating that on appellate counsel's instructions a legal assistant from his office had telephoned the register's office at the Barnstable Probate and Family Court Department and was told that the transcript had been filed.[2] Appellate counsel's claim was that he did not file a transcript of the trial because he relied on the information provided by the register's office. The judge refused to rule on the plaintiff's motion on the basis of the affidavits. Instead, she scheduled a second hearing for the taking of oral testimony. At the subsequent hearing, the judge prohibited the plaintiff's appellate counsel from testifying unless he discontinued representing the plaintiff. The plaintiff's appellate counsel declined to testify under that condition. On March 9, 1981, the judge denied the plaintiff's motion to reconsider her dismissal of the appeal. The plaintiff appealed. We granted the plaintiff's application for direct appellate review.

1. *Plaintiff's motion to dismiss the complaint.* The plaintiff claims that the judge erred in denying her motion to dismiss the complaint.[3] As the party who initiated the

---

[2] The plaintiff's appellate counsel was not her trial counsel. Trial counsel filed the claim of appeal. Relying on the phone call by his employee, appellate counsel believed that a transcript had been filed.

[3] On September 22, 1980, the plaintiff also filed a statement of objections to the judgment becoming final. See Mass. R. Dom. Rel. P. 58 (c) (1975). This statement was accompanied by a supporting affidavit. The judge ruled that the plaintiff had filed the statement of objections one day after the judgment became final, and therefore she denied the motion without ruling on the objections.

However, since September 21, 1980, was a Sunday, the judgment could not become final until Monday, September 22, 1980. See Mass. R. Dom. Rel. P. 6 (a) (1975). In addition, the pending appeal stayed the finality of the judgment. See Mass. R. Dom. Rel. P. 62 (g) (1975). Thus, the judge erred in concluding that the plaintiff filed her statement of objections late.

Nevertheless, we believe that this error does not require us to remand this case to the Probate Court for consideration of the plaintiff's statement

action for divorce, she claims that she has an absolute right to have the complaint dismissed at any time before the judgment becomes final. We disagree.

General Laws c. 208, § 21, as appearing in St. 1975, c. 400, § 26, provides that judgments of divorce nisi "shall become absolute after the expiration of six months from the entry thereof, unless the court within said period, for sufficient cause, upon application of any party to the action, otherwise orders." Under G. L. c. 208, § 21, a judge may only grant a plaintiff's motion to dismiss a complaint for divorce if there is "sufficient cause."

In the past, we have allowed the party who instituted the divorce action to dismiss the complaint. See, e.g., *Sheffer* v. *Sheffer,* 316 Mass. 575 (1944); *Nicolai* v. *Nicolai,* 283 Mass. 241 (1933).[4] We allowed these dismissals because "the State strongly desires a continuation of the marriage relation, is unfavorable to divorce and favors condonation." *Nicolai* v. *Nicolai, supra* at 247. Thus, we have said that "[a] person entitled to a divorce but not wanting one ought not to be compelled to accept one."[5] *Sheffer* v. *Sheffer, supra* at 579.

---

of objections. Rule 58 (c) of the Massachusetts Rules of Domestic Relations Procedure merely sets out one method that a party may use when moving to dismiss a divorce complaint. See G. L. c. 208, § 21. See also *Templer* v. *Templer,* 347 Mass. 270, 271 (1964); *Sheffer* v. *Sheffer,* 316 Mass. 575 (1944); J.G. Crane, Court Rules Annotated 448 (rev. ed. 1961). We have concluded that the judge properly denied the plaintiff's motion to dismiss the complaint. See *infra* at 404-405. The judge's error in refusing to consider the plaintiff's objections to the judgment becoming final does not affect that conclusion.

[4] In *Sheffer* v. *Sheffer,* 316 Mass. 575 (1944), and *Nicolai* v. *Nicolai,* 283 Mass. 241 (1933), we concluded that the plaintiff's dissatisfaction with the financial aspects of a divorce complaint was "sufficient cause" to dismiss the complaint. Our decision today makes it clear that we no longer agree with that conclusion.

[5] In *Sheffer* v. *Sheffer,* 316 Mass. 575, 579 (1944), we also said that "[a]n innocent spouse in whose favor a decree nisi has been entered cannot be compelled to accept a decree by any action of a libellee who has been found guilty of a marital wrong." In that case, we assumed that the person who filed the divorce action is the innocent party who has been wronged by his or her spouse. Today, that assumption no longer applies

But that rationale does not apply to this case. In this case, the plaintiff wants a divorce. If the judge grants her motion to dismiss the complaint, she intends to start another divorce action in New York, where she hopes to receive a larger award. Dismissal of the complaint in these circumstances does not foster the continuation of the marriage. Thus, the judge correctly concluded that dissatisfaction with the financial aspects of the judgment nisi and a desire to institute another divorce action in a different forum are not "sufficient cause" to dismiss the complaint. See G. L. c. 208, § 21. Rather than moving to dismiss the complaint, a plaintiff who is dissatisfied with an alimony or property settlement should appeal the judgment nisi.[6]

2. *Motion to dismiss the appeal.* The plaintiff concedes that she did not file a transcript of the proceedings in the lower court. Nevertheless, she claims that the judge erred in dismissing her appeal. We agree.

The Massachusetts Rules of Appellate Procedure provide that "each appellant in a civil case shall, within forty days after filing a notice of appeal, deliver to the clerk of the lower court either (i) a transcript of those portions of the transcript of the lower court proceedings which the appellant deems necessary for determination of the appeal, or (ii) a signed statement certifying that the appellant has ordered such portions from the court reporter." Mass. R. A. P. 9 (c) (2). Further, Mass. R. A. P. 10 (c), as appearing in 378 Mass. 924 (1979), provides that a judge may allow an appellee's motion to dismiss an appeal on the ground that the appellant failed to comply with Mass. R. A. P. 9 (c) (2). However, the judge may not dismiss the appeal if the appellant's error was the result of excusable neglect. Mass. R. A. P. 10 (c). Cf. *Vyskocil* v. *Vyskocil,* 376 Mass. 137, 140 (1978).

---

to many divorce actions. See G. L. c. 208, §§ 1A & 1B. Therefore, a party's status as the person who instituted the action for divorce does not give him or her an absolute right to have the complaint dismissed.

[6] Other jurisdictions have held that dissatisfaction with the judgment or a desire to institute another action in a different forum does not justify dismissal of the plaintiff's complaint. See, e.g., *Deblois* v. *Deblois,* 158 Me. 24 (1962); *Yachere* v. *Yachere,* 52 Pa. D. & C. 2d 768 (1971).

Excusable neglect calls for unique or extraordinary circumstances. *Spound* v. *Mohasco Indus.*, 534 F.2d 404, 411 (1st Cir.), cert. denied, 429 U.S. 886 (1976). The concept of excusable neglect does not embrace "[a] flat mistake of counsel about the meaning of a statute or rule" or other "garden-variety oversight[s]." *Goldstein* v. *Barron*, 382 Mass. 181, 186 (1980). "Sloppiness in following a prescribed procedure for appeal is not encouraged or condoned, but at the same time a distinction is taken between serious missteps and relatively innocuous ones. . . . [T]he judge [should] consider how far [the mistakes] have interfered with the accomplishment of the purposes implicit in the statutory scheme and to what extent the other side can justifiably claim prejudice." *Schulte* v. *Director of the Div. of Employment Sec.*, 369 Mass. 74, 79-80 (1975). Thus, we have said that an appeal should not be dismissed for failure to follow the rules of appellate procedure if the procedural error was not attributable to the appellant, see *Maurice Callahan & Sons* v. *Outdoor Advertising Bd.*, 376 Mass. 135 (1978); *Superintendent of Worcester State Hosp.* v. *Hagberg*, 374 Mass. 271, 273-274 (1978), or does not materially prejudice the appellee, *Gilmore* v. *Gilmore*, 369 Mass. 598 (1976).

Moreover, if the concept of excusable neglect is to have any meaning, a judge must give counsel for the appellant an adequate opportunity to explain his error. Cf. *Beit* v. *Probate & Family Court Dep't*, 385 Mass. 854 (1982). By insisting that the attorney discontinue representing the plaintiff-appellant before he could testify and explain his conduct, the judge denied him that opportunity.[7] The judge, therefore,

---

[7] The rule requiring a lawyer to disqualify himself before he may testify does not apply to this case. See S.J.C. Rule 3:07, DR 5-101 (B)(2), as appearing in 382 Mass. 729 (1981). That rule provides that a lawyer may appear as a witness "[i]f the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony." Cf. *Black* v. *Black*, 376 Mass. 929 (1978) ("The ethical problems raised by trial counsel acting as counsel and as a witness are most serious where . . . counsel is an independent witness in a family dispute and the outcome of the case may well turn on his credibility"). By

could not properly determine whether the attorney's neglect was excusable.

Ordinarily, we would remand this matter to the trial court for a determination whether the attorney's neglect was excusable. However, we need not remand this case to the Probate Court for consideration of this issue. Rule 3 (a) of the Massachusetts Rules of Appellate Procedure provides, in pertinent part, that "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal shall not affect the validity of the appeal, but shall be ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal." Mass. R. A. P. 3 (a), as amended, 378 Mass. 927 (1979). "The significance of the quoted provision is that we are authorized to exercise our own independent judgment as to what is 'appropriate' in the circumstances of a given case . . . ." *Tammaro* v. *Colarusso,* 11 Mass. App. Ct. 44, 49 (1980). See *Vyskocil* v. *Vyskocil,* 376 Mass. 137, 140 & n.3 (1978); *Gilmore* v. *Gilmore,* 369 Mass. 598, 602-603 (1976).

The judge had in her possession a copy of the complete trial transcript at the time that she granted the defendant's motion to dismiss the appeal. Since this transcript was already at the court, the plaintiff's failure to comply with Mass. R. A. P. 9 (c) (2) need not have delayed the appeal or otherwise prejudiced the defendant. In addition, the principal function of rule 9 (c) (2) is to put the responsibility for expediting the appeal squarely on the appellant. *Vyskocil* v. *Vyskocil, supra* at 139. Attempting to carry out this responsibility, the plaintiff's appellate counsel asked an employee to call the register's office and inquire whether the transcript was on file. Informed that the transcript was on file, appellate counsel did not deliver to the register what he thought would be a second and, therefore, needless set of transcripts.[8] While it would have been preferable for the

contrast, the credibility of the attorney was not at issue in this case, and his testimony did not bear on any disputed issue at trial.

[8] Rule 8 (b)(1) of the Massachusetts Rules of Appellate Procedure impliedly recognizes that a second transcript is not needed. Under that rule,

attorney or his employee personally to check the docket,[9] rather than rely on representations made by someone from the register's office, we do not believe that dismissal of the appeal is the appropriate remedy in these circumstances.[10] We therefore reverse the judge's order granting the defendant's motion to dismiss the appeal. The plaintiff's appeal from the judgment nisi is reinstated, and the case is remanded to the Probate Court for assembly of a record. The denial of the plaintiff's motion to dismiss the complaint is affirmed.

*So ordered.*

---

the appellant must order from the court reporter, within ten days after filing the notice of appeal, "a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record." Mass. R. A. P. 8 (b)(1), as appearing in 378 Mass. 924 (1979).

In addition, Mass. R. A. P. 9 (c)(2), as appearing in 378 Mass. 924 (1979), seems to allow an appellant some discretion in the filing of a transcript. That rule requires that the appellant deliver to the clerk only those portions of the transcript which the appellant deems necessary for the appeal.

Since appellate counsel thought that the transcript was already on file, he may not have deemed any additional portions necessary for the appeal. Thus, it could be argued that the plaintiff fully complied with the requirements of Mass. R. A. P. 9 (c)(2). Since the plaintiff does not make this argument, we do not reach it. For the purposes of this opinion, we assume that the plaintiff failed to comply with that rule.

[9] The transcript ordered and received by the trial judge was not placed on the docket until after the judge had dismissed the appeal.

In the future, if a judge orders a transcript at the public's expense, this transcript should be docketed immediately. See Mass. R. Dom. Rel. P. 77 (a), (c) (1975); Rule 19 of the Probate Courts (1977). In those circumstances, an appellant should not have to file a second transcript.

[10] These factors also could justify a finding of excusable neglect.